UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Case No.: 20-cv-00209-BAS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4.) No opposition was filed, as no defendant has been named or served in this case. For the reasons set forth below, Plaintiff's *ex parte* motion is **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

This is one of the numerous cases filed by Plaintiff alleging copyright infringement claims against a John Doe defendant using the BitTorrent file-sharing system.[1] Plaintiff

---

[1] Since December 2019 to date, Strike 3 Holdings, LLC has filed eight separate cases against John Does in this District: 19-cv-02452-JAH (LL); 19-cv-02488-LAB (AHG); 20-

alleges that it is the copyright owner of motion pictures distributed through adult content websites *Blacked*, *Tushy*, *Blacked Raw*, and *Vixen*. (ECF No. 1 ¶¶ 2–4.) Plaintiff alleges that between December 3, 2018, and December 8, 2019,[2] the person or entity assigned Internet Protocol ("IP") address 136.26.17.74 illegally downloaded and distributed fifty-five of Plaintiff's motion pictures through his, her, or its use of the online BitTorrent file distribution network. (*Id.* ¶¶ 4–5, 25; ECF No. 1-2 at 1–3.) On January 30, 2020, Plaintiff commenced this action against Defendant "John Doe, subscriber assigned IP address 136.26.17.74." (ECF No. 1.) The Complaint alleges a single claim of copyright infringement. (*Id.* ¶¶ 37–42.)

Because Defendant used the Internet to commit the alleged infringement, Plaintiff alleges that it knows Defendant only by his, her, or its IP address, which was assigned to Defendant by the Internet Service Provider ("ISP"), Webpass. (*Id.* ¶¶ 5, 14.) In the present motion, Plaintiff asserts that Webpass is the owner of Defendant's IP address, and thus, "is the only party with the information necessary to identify Defendant." (ECF No. 4-1 at 6.) Plaintiff therefore seeks leave to serve a Rule 45 subpoena on Webpass requesting the name and address associated with IP address 136.26.17.74. (*Id.* at 7.)

## II.    LEGAL STANDARD

Discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185

---

cv-00067-LAB (LL); 20-cv-00068-BAS (JLB); 20-cv-00209-BAS (JLB); 20-cv-00308-GPC (RBB); 20-cv-00309-AJB (MDD); 20-cv-00414-BAS (KSC).

[2]    Plaintiff does not specifically allege this infringement period in the Complaint but attaches as an exhibit to the Complaint a table reflecting that the subscriber assigned IP address 136.26.17.74 engaged in allegedly infringing activity between December 3, 2018, and December 8, 2019. (ECF No. 1-2 at 1–3.)

F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578.

District courts in the Ninth Circuit apply a three-factor test to determine whether good cause exists to allow for expedited discovery to identify Doe defendants. *Id.* at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that [the] plaintiff's suit against [the] defendant could withstand a motion to dismiss." *Id.* "Lastly, the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Id.* at 580.

## III. DISCUSSION

Plaintiff seeks leave to serve a Rule 45 subpoena on Webpass before the Rule 26(f) conference so that Plaintiff may obtain "the true name and address of Defendant." (ECF No. 4-1 at 7.) Plaintiff represents that it "will only use this information to prosecute the claims made in its Complaint," and "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (*Id.*)

///

In light of certain allegations in the Complaint, the Court will first analyze the second factor—whether Plaintiff has identified all steps it took to locate Defendant to ensure the Court that it has made a good faith effort to identify and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court finds that Plaintiff has not met its burden with respect to this factor.

In the pending motion, Plaintiff states that it has diligently attempted to locate Defendant by searching for Defendant's IP address using online search engines and "various web search tools." (ECF No. 4-1 at 12–13.) Plaintiff further states that it has also "review[ed] numerous sources of authority," such as "legislative reports, agency websites, [and] informational technology guides" regarding whether it is possible to identify such a defendant by other means and has "discussed the issue at length with computer investigators and cyber security consultants." (*Id.* at 13.) Plaintiff concludes that it cannot determine any other means of obtaining Defendant's identity other than through subpoenaing the information from Defendant's ISP.

However, Plaintiff makes no reference in its motion to the following allegation in its Complaint:

> In an effort to conserve Federal judicial resources, Strike 3 originally moved to discover Defendant's identity utilizing a state court procedure in Florida where Strike 3's infringement detection servers are located. Defendant objected asserting that the action is more properly litigated in the federal court of his or her domicile. Because Plaintiff is amenable to litigating the matter in either forum, this suit was initiated[.]

(ECF No. 1 ¶ 6.) A fair reading of this allegation suggests that Defendant appeared in a prior action filed by Plaintiff concerning the infringement alleged herein and identified the Southern District of California as his, her, or its domicile. If Defendant did make such an appearance, it seems to the Court that Plaintiff is aware of Defendant's identity or, at a minimum, may have an available mechanism to determine Defendant's identity. As such, based on this record, the Court cannot conclude that the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding

4

1 | party." *Semitool, Inc.*, 208 F.R.D. at 275–76.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's *ex parte* motion. This denial is **WITHOUT PREJUDICE** to Plaintiff re-filing its motion if it can resolve the discrepancy between the allegations in its Complaint and the present motion.

**IT IS SO ORDERED.**

Dated: March 11, 2020

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge